**In re PROTECTION DEVICES AND EQUIPMENT AND CENTRAL STATION PROTECTION SERVICE ANTITRUST CASES.**

**No. 9.**

Judicial Panel on Multidistrict Litigation.

Oct. 3, 1968.

## OPINION AND ORDER

JOSEPH S. LORD, III, Judge of the Panel.

■ On July 17, 1968, the Panel *sua sponte* issued an order to show cause why the within litigation should not be transferred to one United States district court for coordination and consolidation of pretrial proceedings. Title 28, United States Code, Section 1407. The order was directed to all parties in the then pending civil treble damage antitrust litigation and was heard on August 8, 1968 by the Panel.

There are presently pending a total of 80 different cases in seven different districts. Of these, four were filed after the order of July 17, 1968. All of these cases have a common genesis in a civil action by the United States against some or all of the present defendants brought in the United States District Court for the District of Rhode Island. That action charged defendants with violations of Sections 1 and 2 of the Sherman Act and sought injunctive relief and divestiture. Relief was granted. United States v. Grinnell Corporation et al., 236 F.Supp. 244 (R.I.,1964). The holding was affirmed on appeal, but the case was remanded for a reshaping of the decree. 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). On July 11, 1967, Judge Wyzanski, sitting by assignment, entered a modified order, effective November 1, 1967. It is this final decree which forms the common basis for the present litigation.

Of the 80 pending cases, 63 are pending in the Southern District of New York, including a consumer action by the United States which was transferred from the District of Rhode Island on defendants' motion. All of these cases have been assigned under that court's Local Rule 2 to the Hon. Charles M. Metzner for pretrial management and for trial.

All of the cases, not only those pending in the Southern District of New

York, but also those pending in the six other districts, have common questions of fact relating to conspiracy and economic factors. The complaints are essentially identical, charging violations of Sections 1 and 2 of the Sherman Act. It appears that most of the relevant documents are in New York and most of the defendants have their principal offices there. There is no serious question that New York would be at least as, if not more convenient than any other district for pretrial discovery. Indeed, at least three actions commenced in Detroit were transferred to New York by stipulation for this reason. Document production has already commenced in New York. Because of the fact that pretrial proceedings have already started in New York, Judge Metzner has acquired a degree of familiarity with the litigation which could only be achieved by another judge through duplication of judicial effort. Since approximately 79% of the cases are now pending in New York, the consolidation of the other cases in that court will constitute a relatively insignificant burden which Judge Metzner is willing to assume.

For all of the foregoing reasons, we have concluded that, with one exception noted below, the transfer of cases pending elsewhere than in the Southern District of New York to Judge Metzner in that District for coordination and consolidation of pretrial procedures will be for the convenience of parties and witnesses and will promote the just and efficient conduct of the actions.

Determination of all matters involving questions of class actions shall be left to the sound judgment of Judge Metzner.

■ The exception referred to above is Robinson Electronic Supervisory Co. v. Grinnell Corporation, et al., E.D.Pa., Civil Action No. 27961. In that case discovery has been substantially completed under the supervision of Judge Alfred L. Luongo, and the case is close to being ready for trial. No point would be served by its transfer, and it will therefore not be included in our order.

It is therefore ordered that the treble damage actions pending in districts other than the Southern District of New York and listed in Schedule A hereto attached be, and they are hereby, transferred on the initiative of the Panel under Section 1407 of Title 28, United States Code, to the Honorable Charles M. Metzner of the Southern District of New York, all with the consent in writing of the transferee court attached hereto.