**In re Multidistrict Commodity Credit Corporation Litigation Involving GRAIN SHIPMENTS.**

**UNITED STATES of America**

**v.**

**UNION PACIFIC RAILROAD COM-PANY. No. T–4614.**

**No. 22.**

Judicial Panel on Multidistrict Litigation.

Oct. 27, 1969.
As Corrected Nov. 4, 1969.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

Following a hearing in Denver, Colorado on May 23, 1969 the Panel found that the civil actions comprising this litigation involved substantial common questions of fact and concluded that their transfer to a single district for coordinated or consolidated pretrial proceedings would be for the convenience of parties and witnesses and would promote the just and efficient conduct of these actions. On June 23, 1969 the Panel transferred twenty-six related actions [1]

1. Two actions brought against the Southern Railway Company in the District of South Carolina were not transferred as they were nearly ready for trial.

**4**

from the districts in which they were filed to the District of Kansas and, with the consent of the Chief Judge of that Court, assigned them to Judge George Templar for coordinated or consolidated pretrial proceedings In re Grain Shipment Litigation, 300 F.Supp. 1402. Four other related actions were already pending in the District of Kansas and were therefore not included in the transfer order.

The above-captioned action was originally filed in the District of Kansas and the defendant has filed a motion with the Panel to add this action "to those already included in Docket No. 22." We think it manifest that this action shares common questions of fact with the other actions included in this multidistrict litigation and have no doubt that it should be included in coordinated or consolidated pretrial proceedings being conducted by Judge Templar. Had this action been commenced outside of the District of Kansas, we would have undoubtedly used a *conditional transfer order* [2] to transfer it to the District of Kansas. We have not used *conditional transfer orders* to assign other cases commenced in *transferee courts* to the judge assigned by the Panel to conduct coordinated or consolidated pretrial proceedings [3] and we are disinclined to do so here. We think it unseemly for this Panel to interfere with the internal affairs of any district court with respect to assignment of actions filed in it before a motion to transfer has been submitted to the district court in which the affected actions are pending. We have no doubt that the transferee

court, on proper application of a party or *sua sponte,* will take whatever steps are necessary to insure that this action is included in coordinated or consolidated pretrial proceedings being conducted by Judge Templar.[4]

It is therefore ordered that the instant motion is hereby denied without prejudice to the right of any party to request the transferee court to assign this action to Judge Templar for inclusion in coordinated or consolidated pretrial proceedings.

---

2. A *conditional transfer order* is used to transfer actions commenced (or brought to the attention of the Panel) after the initial group of actions have been transferred for coordinated or consolidated pretrial proceedings. The new action is transferred to the previously designated transferee court on the basis of the prior hearing and for the reasons stated in the Panel's initial opinion and order. The *conditional transfer order* is stayed ten days to allow any party to file its opposition to the proposed transfer. A hearing will be held if requested by any party. More than 150 *tag-along cases,* including

five actions which are part of this litigation, have been transferred using this procedure.

3. More than forty *tag-along cases* originally filed in transferee courts have been assigned to the Panel-designated judge by the transferee court itself.

4. See Manual for Complex and Multidistrict Litigation, § 5.1, Clark Boardman Edition, p. 81–83; 1 (Pt. 2) Moore's Federal Practice, p. 87–89; for discussion of assignment of related cases pending in a single district.