**In re KING RESOURCES COMPANY SECURITIES LITIGATION.**

**Docket No. 79.**

Judicial Panel on Multidistrict Litigation.

May 1, 1972.

**1180**

Before ALFRED P. MURRAH* Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD*, EDWIN A. ROBSON*, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

King Resources Company originally requested transfer of nine actions[1] in which it is named defendant to the District of Colorado for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Subsequently, another common defendant in this litigation, Timothy G. Lowry, moved for the inclusion of an additional action, Joseph N. Morell v. John M. King, N.D.Ohio, Civil Action No. C–71–805, in any transfer. And, finally, Orders to Show Cause were entered in three additional actions, William D. Neary v. Investors Overseas Service, Ltd., D.N.J., Civil Action No. 235–71, Securities and Exchange Commission v. Crofters, Inc., S.D.Ohio, Civil Action No. 70–351, and Dietrich Corporation v. King Resources Co., D.Colo., Civil Action No. C–3424.

Since the filing of its motion, King Resources has been placed in Chapter X reorganization by its creditors and that proceeding, commenced in the Northern District of Texas, is now pending in the District of Colorado. The reorganization trustee has adopted the motion for transfer and has indicated that he believes only nine of the twelve actions now before the Panel should be transferred to Colorado for pretrial proceedings.[2] After extensive briefing by the parties and two hearings on the question of transfer, we order four actions brought by stock and debenture holders of King Resources transferred to Colorado,[3] deny as unwarranted the transfer of two actions brought by the Securities and Exchange Commission and two actions pending in the District of Oregon,[4] and deny transfer of the re-

---

\* Although Judges Murrah, Weinfeld and Robson were not present at the second hearing on this matter, they have, with the consent of all parties, participated in this decision.

1. Since the filing of the motion and the hearings on this matter, one of the actions originally included in the motion, Harold Bottger v. King Resources Co., D.N.J., Civil Action No. 83–71, has been transferred to the District of Colorado pursuant to 28 U.S.C. § 1404(a). No further discussion of this case is necessary.

2. The trustee asks for the transfer of all actions except Stoddard H. Pyle v.

K. R. Funds, Inc., D.Ore., Civil Action No. 71–299; Robert E. Staley v. Wolf Corp., D.Ore., Civil Action No. 70–695; Securities & Exchange Commission v. Crofters, Inc., S.D.Ohio, Civil Action No. 70–351.

3. Dietrich Corp. v. King Resources Co., D.Colo., Civil Action No. C–3424; Leonard Gross v. Blyth & Co., D.Ore., Civil Action No. 70–751; Joseph N. Morell v. John M. King, N.D.Ohio, Civil Action No. C–71–805; Donald J. Licker v. King Resources Co., N.D.Calif., Civil Action No. C–71–882–RHS.

4. Stoddard H. Pyle v. K. R. Funds, Inc., D.Ore., Civil Action No. 71–299; Rob-

maining four actions without prejudice to later applications for transfer.[5]

## I. The Stockholder Actions

In January of 1971, the SEC filed a complaint against King Resources, John M. King, and two other officers and directors of King Resources,[6] alleging violations of the Securities Act of 1933, 15 U.S.C. §§ 77e(a), 77e(c) and 77q(a), and the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78m and Rule 10b–5 thereunder, 17 C.F.R. § 240.10b–5. Four actions,[7] which closely followed the allegations of the SEC complaint, were then brought by holders of the stock and debentures of King Resources. The central allegations of both the SEC complaint and the private complaints are that King Resources made false and misleading statements in 1970 concerning its general operations, transactions entered into with Investors Overseas Services, Ltd., and other transactions with trusts created for the benefit of the families of certain of its officers and directors.[8]

The SEC action is now far advanced. A final judgment of permanent injunction has been obtained against King Resources, its officers, directors and employees and the action is apparently continuing only against the individual defendants. Substantial discovery has apparently been completed, as well as an investigation by special counsel appointed to determine the existence of possible causes of action on behalf of King Resources.

Three of the four stockholder complaints seek to represent classes of King Resources securities holders and although there is great variety in the definitions of the proposed classes, the conflict between them is obvious. The Gross action seeks to represent several different classes of stock and convertible debenture holders.[9] The Morell action alleges a class of all King Resources stockholders similarly situated, while Dietrich proposes two classes—one composed of purchasers of King Resources common stock within a specified period and the other of purchasers of King Resources debentures during a different period. The Licker action, although brought by a King Resources stockholder, contains no class allegations.

It should also be noted that two of these four actions name as defendants

---

ert E. Staley v. The Wolf Corp., D.Ore., Civil Action No. 70–695; Securities & Exchange Commission v. Crofters, Inc., S.D.Ohio, Civil Action No. 70–351; and Securities & Exchange Commission v. King Resources Co., D.Colo., Civil Action No. C–2858.

5. Financial Data Relations, Inc. v. The Colorado Corp., C.D.Calif., Civil Action No. 71–1096–DWW; William D. Neary v. IOS, Ltd., D.N.J., Civil Action No. 235–71; Delafield Capital Corp. v. King Resources Co., D.Colo., Civil Action No. C–2524; Mercantile Bank & Trust Co., Ltd. v. King Resources Co., D.Colo., Civil Action No. C–2959.

6. Securities & Exchange Commission v. King Resources Co., D.Colo., Civil Action No. C–2858.

7. See actions cited note 2, *supra*. Although the Gross action in Oregon was commenced before the SEC action, an amended complaint containing common allegations was filed by plaintiff several months after the SEC complaint was filed.

8. In addition, the Gross complaint contains allegations of the sale or unregistered stock and debentures similar to the allegations in the SEC complaint. The Dietrich complaint is the broadest of the four private complaints and contains allegations of misconduct not appearing in the SEC complaint or in the other private complaints.

9. In summary, Gross requests approval of the following classes: (1) A class of all stockholders within the geographic area of the United States Court of Appeals for the Ninth Circuit who purchased stock not registered under federal law or sold in violation of Rule 10b–5; (2) A class of all stockholders who purchased in Oregon stock not registered under Oregon law; (3) A class of all debenture holders within the Ninth Circuit who purchased debentures sold in violation of Rule 10b–5; (4) A class of all debenture holders who purchased in Oregon debentures not registered under Oregon law.

the brokerage firms which secured the King Resources stock and debentures for the plaintiffs. Plaintiff Gross has named as defendants Blyth & Co. and several of its individual executives and has alleged their oral statement of untrue facts in connection with the sales. Similar allegations are made by plaintiff Licker against San Francisco Investment Corp. and its individual executives.

II. Other Actions

The remaining actions are brought by a variety of plaintiffs and arise from a variety of different transactions in which King Resources are involved. Two of the actions,[10] brought by plaintiffs Pyle and Staley, involve limited partnerships for oil and mineral exploration which apparently were not sold to the general public. The remaining three actions included in the original motion seem to have little in common. The complaint filed by Financial Data Relations in the Central District of California asserts two claims, the major one involving an alleged breach of contract between the plaintiff and King Resources to secure financing for the latter company. The secondary claim involves alleged violations of the federal securities laws in connection with sales of King Resources stock. One of the other two actions [11] apparently involves the question of ownership of certain shares of Investors Overseas Services, Ltd. and the other is brought on a note issued by King Resources to Delafield Capital Corp.[12]

Two additional actions in which King Resources was named a defendant were included in this litigation by orders to show cause. The first action, brought by the SEC in the Southern District of Ohio, involved an alleged scheme to defraud various agencies of the State of Ohio in connection with the sale of promissory notes of a number of different issuers. Among the many notes sold were two issued by King Resources. This action has been pending for more than a year and a substantial amount of discovery has been completed.

Finally, an order to show cause was entered in the Neary action, brought in the District of New Jersey by the trustee for the trade creditors of King Resources. The trustee seeks to recover, as assignee, on a note given to King Resources by Investors Overseas Services, Ltd. and to foreclose on the collateral given by Investors Overseas Services, Ltd. for that note. The collateral holder and other parties claiming an interest in the note and collateral are named as defendants and a series of cross-claims and counterclaims are asserted, as well as third-party claims against John M. King and others.

III. The Question of Transfer

In its original motion, King Resources summarily asserted that the central allegations of the SEC case pending in the District of Colorado against the King defendants were common to each of the other actions and that the depositions and other discovery taken in that action would be of importance in all cases. And it asserted that, in addition to the discovery already accomplished in Colorado, documents and witnesses that King Resources wished to use were located in Colorado, making it the appropriate transferee forum.

In further support of this position the trustee has filed with the Panel the Initial Report and Opinion of Special Counsel appointed by the Colorado court in the SEC proceeding against King Resources. Special Counsel was appointed by the court, prior to the commencement of the corporate reorganization, to ascertain whether any causes of action existed on behalf of King Resources against

---

10. These two actions, and three others not included in the motion, have been consolidated by order of the Oregon district court.

11. Mercantile Bank & Trust Co., Ltd. v. King Resources Co., D.Colo., Civil Action No. C–2959.

12. Delafield Capital Corp. v. King Resources Co., D.Colo., Civil Action No. C–2524.

its officers and directors, and his report is said to demonstrate the common questions of fact present in the ten cases proposed for transfer. That report suggests that the transactions covered by the SEC complaint were part of a three-phase effort to take over management and control of Investors Overseas Services, Ltd., apparently one of King's largest customers. Each of the ten actions is alleged to arise out of one or more phases of this take-over effort, which proved unsuccessful. ..

██ We think transfer is appropriate, at this time, however, only in the four stockholder and debenture holder actions. Indeed, plaintiffs in the three actions seeking class representation have agreed to the transfer of their cases to Colorado for coordinated pretrial proceedings. We think the existence of common questions of fact concerning the alleged securities law violations of King Resources and its individual officers and directors has been clearly demonstrated by the manner in which the complaints track the allegations of the earlier SEC complaint concerning the specific omissions and misrepresentations of the King Resources defendants. Discovery in these actions will most certainly proceed along the same lines of inquiry and transfer of all cases to a single judge will be both for the convenience of the parties and witnesses and for the just and efficient conduct of the litigation.[13] The District of Colorado, home of King Resources, John M. King and many of the defendant individuals and entities is the logical transferee district for these cases, especially since the Chapter X Reorganization is now pending there.

Some concern is expressed by plaintiff Gross that his cause of action against his broker, Blyth & Co., may become lost in the coordinated discovery proceedings and Gross requests that the transferee court be allowed to remand to Oregon any issues determined to be of a local nature. A substantially similar argument is advanced by parties to the Licker action. Section 1407(a) gives the power to remand transferred actions, claims, cross-claims and counterclaims to the Panel only. We have in the past entertained motions to remand, but our past experience with securities law actions involving both claims against the issuer of securities and against the broker participating in their sale to plaintiff indicates that it is generally preferable to transfer all such actions to a single judge, who can then arrange a schedule for the expeditious completion of pretrial proceedings in common areas.[14]

██ The only other matters conclusively established by the briefs and arguments are that the SEC action in the Southern District of Ohio and the Staley and Pyle limited partnership actions in the District of Oregon are inappropriate for transfer. Substantially all discovery has been completed in the SEC action and it has been set for trial. The parties to that action have also argued convincingly that non-common issues predominate. Four separate groups of defendants are named in these, only one of which includes King Resources. No common conspiracy between the groups is alleged and the only reason all defendants have been named in one complaint is apparently because they all obtained their financing from the State of Ohio through common parties, the Crofters group of defendants.

None of the parties favor transfer of the Oregon limited partnership actions for pretrial proceedings with the other cases. And no showing has been made of any factual issues raised in those cases common to the other cases. Both actions apparently involve the private purchase of partnership interests in two oil and mineral exploration partnerships not involved in any other action. Since the

13. Although the SEC action against King Resources is already pending in Colorado, we do not deem it appropriate for inclusion in the order of transfer since it seems to be at such an advanced stage of preparation.

14. In re Four Seasons Securities Litigation, 331 F.Supp. 559 (J.P.M.L.1971).

purposes of Section 1407 would not be served by transfer of the SEC Ohio action and the two Oregon partnership actions, the motion will be denied with prejudice as to these three cases.

■ As to the remaining four actions, the movant has failed to make the requisite showing under Section 1407. The initial motion of King Resources stated the need for transfer in summary terms, without specifying the common issues of fact. The reorganization trustee's supplemental brief, including the Initial Report and Opinion of Special Counsel in the Colorado SEC case, provides little more substantiation of the need for transfer. The Initial Report suggests that the acts and occurrences which gave rise to these actions may all have been part of a larger plan aimed at securing control of Investors Overseas Services, Ltd. for King Resources. But the fact of an overall plan on the part of King Resources is not sufficient to tie together what appear to be a series of unrelated factual situations giving rise to unrelated causes of action. The other parties to these actions strongly oppose transfer, arguing that their cases arise out of individual facts and that the mere naming of a common defendant is insufficient to support transfer. For these reasons, we have concluded that the motion for transfer of the remaining five actions should be denied at this time, with leave to the parties to reapply should circumstances later warrant.

It is therefore ordered that the actions listed on the attached Schedule A be, and hereby are, transferred to the District of Colorado and, with the consent of that court, are assigned to the Honorable Sherman G. Finesilver for co-ordinated or consolidated pretrial proceedings;

It is further ordered that the motion to transfer the actions listed on the at-

tached Schedule B be, and hereby is, denied with prejudice;

It is further ordered that the motion to transfer the actions listed on the attached Schedule C be, and hereby is, denied without prejudice to the right of any party to apply for relief under 28 U.S.C. § 1407, should circumstances warrant.

### SCHEDULE A

#### District of Oregon

| | |
|---|---|
| Leonard Gross, et ux v. Blyth & Co., et al. | Civil Action No. 70–751 |

#### District of Colorado

| | |
|---|---|
| Dietrich Corp. v. King Resources Co., et al. | Civil Action No. C–3424 |

#### Northern District of Ohio

| | |
|---|---|
| Joseph N. Morrell, et ux v. John M. King, et al. | Civil Action · No. C–71–805 |

#### Northern District of California

| | |
|---|---|
| Donald J. Licker v. King Resources Co., et al. | Civil Action No. C–71–882–RHS |

### SCHEDULE B

#### Southern District of Ohio

| | |
|---|---|
| Securities and Exchange Commission v. Crofters, Inc., et al. | Civil Action No. 70–351 |

#### District of Oregon

| | |
|---|---|
| Stoddard H. Pyle v. K. R. Funds, Inc., et al. | Civil Action No. 71–299 |
| Robert E. Staley v. The Wolf Corp., et al. | Civil Action No. 70–695 |

#### District of Colorado

| | |
|---|---|
| Securities and Exchange Commission v. King Resources Co., et al. | Civil Action No. C–2858 |

### SCHEDULE C

#### Central District of California

| | |
|---|---|
| Financial Data Relations, Inc. v. The Colorado Corp., et al. | Civil Action No. 71–1096– DWW |

#### District of New Jersey

| | |
|---|---|
| William D. Neary, etc. v. IOS, Ltd., et al. | Civil Action No. 235–71 |

#### District of Colorado

| | |
|---|---|
| Mercantile Bank and Trust Co., Ltd. v. King Resources Co. | Civil Action No. C–2959 |
| Delafield Capital Corp. v. King Resources Co. | Civil Action No. C–2524 |