**In re U. S. FINANCIAL LITIGATION.
SECURITIES AND EXCHANGE
COMMISSION**

v.

**U. S. FINANCIAL, INC.
No. M.D.L. 161.
No. 74–92–T.**

United States District Court,
S. D. California.

Aug. 27, 1974.

Richard S. Kraut, Sp. Counsel, Richard J. Rubin, Washington, D. C., for the S. E. C.

Fried, Frank, Harris, Shriver & Jacobson, New York City, and J. Ronald Trotst, Ronald S. Orr, Los Angeles, Cal., for U. S. Financial Incorporated.

MacDonald, Halsted & Laybourne, Peter B. Dolan, Los Angeles, Cal., for Richard W. Arneson, Jr., Dennis P. Hill, A–H Properties and Bayview Investments.

Patterson, Belknap & Webb, New York City, for John B. Halverson.

Glenn, Wright, Jacobs & Schell, John R. Schell, San Diego, Cal., for William L. O'Bryon.

Scales, Patton, Ellsworth & Corbett, Luke R. Corbett, San Diego, Cal., for Robert H. Walter.

Munger, Tolles, Hills & Rickershauser, Dennis E. Kinnaird, Los Angeles, Cal., for Charles Prutzman.

Walter Freedman, and Freedman, Levy, Kroll & Simonds, Washington, D. C., and Morton, Rosen, and Fulop, Rolston, Burns, & McKittrick, Beverly Hills, Cal., for Walter P. Gribben.

## MEMORANDUM OPINION

TURRENTINE, District Judge.

■ On June 6, 1974, the Judicial Panel on Multidistrict Litigation ordered eight private actions pending in four different federal district courts and involving the affairs of U.S. Financial, Inc. transferred to this court and assigned to this judge for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with two other private actions already pending in this district. In re United States Financial Securities Litigation, 375 F.Supp. 1403 (Jud.Pan.Mult.Lit.1974). Just prior to the hearing before the Panel on the motion to transfer all private actions in this litigation to a single district under Section 1407, certain parties moved to have the action filed by the Securities and Exchange Commission in the Southern District of California included in any order of the Panel transferring the private actions for coordinated or consolidated pretrial proceedings. There was not enough time before the Panel hearing, however, to have the motion concerning the *SEC* action properly presented to the Panel for decision. Since the Panel decided to transfer all of the private actions in this litigation to the Southern District of California, the motion before the Panel concerning the *SEC* action became moot and inclusion of that action with the private actions for coordinated or consolidated pretrial proceedings became a matter properly within the discretion of the transferee court.[1]

In the initial order convening the first pretrial conference for this litigation, this court ordered that the *SEC* action "will hereinafter be considered and treated as part of the coordinated or consolidated pretrial proceedings in this litigation." The SEC now moves to vacate that portion of the order "which consolidated the Commission's action with the other private actions which were consolidated by order of the Judicial Panel for (*sic*) Multidistrict Litigation."

The *SEC* action is an enforcement action aimed solely at obtaining permanent injunctions against future violations of the securities laws by the various defendants named in the complaint. Essentially the SEC charges that the defendants participated in a massive scheme to defraud the investing public by fraudulently misrepresenting revenues and profits of U.S. Financial from 1969 through 1972. The SEC contends that prior to filing its complaint it undertook a comprehensive investigation of

---

1. *See*, Rule 12(g), Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 53 F.R.D. 119, 123 (1971) ; In re Grain Shipments Litigation, 305 F.Supp. 3, 4 (Jud. Pan.Mult.Lit.1969). *See also* In re Convenient Food Mart Franchise Litigation, 350 F.Supp. 1166, 1168 (Jud.Pan.Mult.Lit.1972), where the Panel held that "[w]hether the pretrial proceedings in (one of the actions filed in the transferee district) should be included in consolidated or coordinated pretrial proceedings should be decided by the court of the transferee district."

U.S. Financial's affairs; that it has completed most of its discovery; and that prosecution of its action will be substantially delayed and, as a result, the public interest thwarted if the action is included in the coordinated or consolidated pretrial proceedings conducted with respect to the private actions.

Including the *SEC* action with the other actions in this litigation for Section 1407 treatment is not unique. Indeed, the Judicial Panel on Multidistrict Litigation has deemed it appropriate in certain litigations to order an action by the SEC included with private actions for coordinated or consolidated pretrial proceedings pursuant to Section 1407. *E. g.*, In re National Student Marketing Litigation, 368 F.Supp. 1311 (Jud.Pan. Mult.Lit.1973); In re Republic National-Realty Equities Securities Litigation, 382 F.Supp. 1403 (Jud.Pan.Mult.Lit., filed Aug. 22, 1974).

In the National Student Marketing Litigation the SEC opposed Section 1407 treatment of its action along with the private actions for essentially the same reasons as those that it has raised here: it would result in delay and frustrate the public's interest in having the SEC secure prompt injunctive relief against future violations of the securities laws. The Panel rejected those arguments and found the salutary benefits to be gained by including the *SEC* action in the coordinated or consolidated pretrial proceedings more persuasive.

We do not find the SEC's assertion of possible delay a sufficient counterbalance to the advantage of consolidation for we think it ignores the flexibility inherent in coordinated or consolidated pretrial proceedings. The transferee judge in this litigation will be free to tailor a pretrial schedule to fit the needs of the individual actions, and with the assistance of the parties, and day-to-day contact with the litigation, he will be able to gauge the extent of the coordination appropriate between the SEC and the private cases. In re National Student Marketing Litigation, *supra* 368 F.Supp. at 1317.

And in a concurring opinion, Judge Weigel of the Panel focused upon the public interest argument asserted by the SEC.

Concern that the public interest will be jeopardized by delays occasioned by the transfer of the SEC actions with private actions seems to me to underestimate the power and capacity of transferee judges. Whatever beneficial public interest is served by giving priority to SEC discovery can be protected by the exercise of their broad powers. Indeed, a transferee judge is in a better position than are we to decide such questions. His assessment, based upon the operative realities at the trial court level, can best strike the proper balance between whatever priority may be justified by the public interest aspects of SEC civil actions, on the one hand, and, on the other, service to the salient objectives of Section 1407. *Id.* at 1319.

In the Republic National Litigation the Panel also ordered the SEC action included in the coordinated or consolidated pretrial proceedings with the private actions, but left the degree of coordination between the SEC and private actions to the discretion of the transferee judge.

In seeking to vacate the court's order, it appears that the SEC has misconstrued the role of the transferee judge as well as the meaning and function of "coordinated or consolidated pretrial proceedings" pursuant to 28 U.S.C. § 1407(a). Those critical statutory words were undoubtedly intended to confer on a transferee judge the power and duty to fashion a pretrial program to prevent duplication of discovery and unnecessary inconvenience to the parties and witnesses, while at the same time taking account of the different facets and nuances of the various actions comprising the litigation. In re Equity Funding Corporation of America Securities Liti-

gation, 375 F.Supp. 1378, 1384 (Jud.Pan. Mult.Lit.1974). And it is the responsibility and within the sole discretion of the transferee judge to determine whether and to what extent the pretrial proceedings in a particular action should be coordinated or, if appropriate, consolidated with the pretrial proceedings in other actions. *Id.*

■■■ The complaints filed by the SEC and the private plaintiffs contain similar factual allegations, albeit the legal theories and relief requested are of a differing nature. And even though the SEC has completed the majority of its discovery, it concedes that it is seeking additional discovery which will be of interest to the private plaintiffs. Thus, coordinating the pretrial proceedings in the SEC action with those pertaining to the private actions ensures that the salient objectives of the Section 1407 legislation will be realized.[2] Not only does such coordination minimize the possibility of duplicative discovery and the concomitant inconvenience to the parties and witnesses which would result, but it also facilitates the judicial management of the pretrial programs of the SEC and other parties.

The court is also cognizant of the paramount public interest in having the SEC secure injunctive relief against future violations of the securities laws. But the public also has an interest in having all actions in this litigation processed expeditiously, with a concerted effort to efficiently utilize judicial time and resources to promote the ultimate termination of all actions in the litigation. In order to accommodate these interests the court has entered an order permitting the SEC priority to pursue its limited remaining discovery and also allowing the private plaintiffs the opportunity to participate in that discovery. The thrust of that order completely undermines the arguments raised by the SEC in opposition to the inclusion of its action with the private actions for coordinated or consolidated pretrial proceedings.

The motion to vacate is denied.

---

2. The SEC, of course, does not have to participate in discovery or other pretrial matters in which it has no interest. And one must remember that this court's order including the *SEC* action with the private actions is only for coordinated or consolidated *pretrial* proceedings. It must not be confused with an order pursuant to Rule 42, Fed.R.Civ.P., consolidating the actions for trial.