**In re CAESAR'S PALACE SE-CURITIES LITIGATION.**

**No. 110.**

Judicial Panel on Multidistrict Litigation.

Nov. 19, 1974.

See also 360 F.Supp. 366.

DOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## PER CURIAM.

This litigation involves the acquisition of Caesar's Palace hotel and casino located in Las Vegas, Nevada, by Caesars World, Inc., a successor to Lum's, Inc. Seven private actions and an action by the Securities and Exchange Commission are presently pending in the Southern District of New York, while two other private actions have been instituted in the District of Nevada and in the Southern District of Florida. Of these private actions, six purport to be class actions, one is brought individually, and two are derivative actions on behalf of Caesars World. Plaintiffs in all private actions are shareholders of Caesars World and, tracking the allegations in the SEC's complaint, they charge defendants with violations of the federal securities laws in connection with the purchase of Caesar's Palace.

Defendant Caesars World moves the Panel to transfer all actions to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Several parties oppose the motion because their actions allegedly do not share any significant common questions of fact with the New York shareholder actions. The SEC opposes transfer because its public action is quite different in nature from the private actions. Other parties support transfer, but argue that either Nevada or Florida is the most appropriate transferee forum. We find that these actions involve common factual issues and that their transfer to the Southern District of New York will best serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation.[1]

---

## OPINION AND ORDER

Before ALFRED P. MURRAH *, Chairman, and JOHN MINOR WIS-

*Although Judge Murrah was not present at the Panel hearing, he has, with the consent of all parties, participated in this decision.

1. To expedite the pretrial processing of this litigation, we previously entered an order transferring these actions to the Southern

Plaintiff Matthews opposes transfer of his Florida action.[2] He asserts that his action is disparate in scope from the other class or derivative actions because it involves only individual claims and that it is different in nature from the other actions because it is predicated upon oral misrepresentations and incomplete press releases and not upon misleading prospectuses. Defendant Laventhal, Krekstein, Horwath & Horwath contends that the *Margoles* action[3] does not share common questions of fact with the other actions because it focuses primarily on Lum's restaurant and franchising operations and not on Lum's acquisition of Caesar's Palace. Finally, the SEC asserts that because of the completion of its extensive investigations and discovery, any involvement of its action with the remaining actions would cause an unwarranted delay in the granting of prompt injunctive relief for the public's protection.

These arguments are not persuasive because the actions clearly present common questions of fact. All of the complaints (including the *Matthews* and *Margoles* actions) contain virtually the same allegations asserted in the SEC action concerning Lum's acquisition of Caesar's Palace. Therefore, transfer is necessary to avoid needless duplication of discovery and to promote the just and efficient conduct of the litigation. Also, transfer of all actions to a single district precludes the possibility of inconsistent pretrial decisions by courts of coordinate jurisdiction.

▬▬ Furthermore, we deny the SEC's request that we exempt its action entirely from Section 1407 treatment.

The sole legislative exemption is accorded to antitrust enforcement actions brought by the United States. 28 U.S.C. § 1407(g).[4] We do not agree with the SEC's position that including its action with the private actions for coordinated or consolidated pretrial proceedings will cause delay in securing prompt injunctive relief. In conducting such pretrial proceedings, the transferee judge has great flexibility in tailoring a pretrial schedule to accommodate the divergent interests of the parties in the separate actions. Specifically, he is free to gauge the extent of coordination appropriate between the SEC and the private actions, without inhibiting in the least the SEC's push for prompt injunctive relief. In re National Student Marketing Litigation, 368 F.Supp. 1311, 1317 (J.P.M.L.1973).

Those parties favoring transfer have suggested a variety of districts as the most appropriate transferee forum. Notwithstanding the typical parochial viewpoints of parties favoring a particular transferee forum, we find that the most appropriate forum is the Southern District of New York. That district is clearly the focal point of the litigation because it is where most of the parties, potential witnesses and relevant documents are located. In addition, discovery in the New York actions, including the SEC action, is more advanced than in the other actions. Therefore, transfer of these actions to that district will be for the convenience of a majority of the parties and their witnesses.

It is therefore ordered that all actions on the attached Schedule A pending in districts other than the Southern Dis-

District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. This per curiam opinion embodies the reasons for our decision.

2. Mark Matthews v. Lum's, Inc., et al., S.D. Fla., Civil Action No. 72–617–Civ.

3. Matthew Margoles v. Lum's, Inc., et al., S. D.N.Y., Civil Action No. 72–Civ. 664.

4. Nothing in this section shall apply to any action in which the United States is a com-

plainant arising under the antitrust laws. 'Antitrust laws' as used herein include those acts referred to in the Act of October 15, 1914, as amended (38 Stat. 730; 15 U.S.C. 12), and also include the Act of June 19, 1936 (49 Stat. 1526; 15 U.S.C. 13, 13a and 13b) and the Act of September 26, 1914, as added March 21, 1938 (52 Stat. 116, 117; 15 U.S.C. 56); but shall not include section 4A of the Act of October 15, 1914, as added July 7, 1955 (69 Stat. 282; 15 U.S.C. 15a).

trict of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Charles R. Weiner, sitting by designation, for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

#### Southern District of New York

| | |
|---|---|
| Rachel Brooks, et al. v. Caesars World, Inc., et al. | Civil Action No. 71 Civ. 5342 |
| Samuel L. Fenichel v. Jerome Zarowitz, et al. | Civil Action No. 71 Civ. 5375 |
| Matthew Margoles v. Earl Powell, et al. | Civil Action No. 72 Civ. 101 |
| Antone F. Gregorio v. Jay J. Sarno, et al. | Civil Action No. 71 Civ. 5470 |
| Lawrence Kraut v. William H. McElnea, Jr., et al. | Civil Action No. 71 Civ. 5687 |
| Edward Silver, et al. v. Lum's Incorporated, et al. | Civil Action No. 72 Civ. 1145 |
| Securities & Exchange Commission v. Lum's, Inc. et al. | Civil Action No. 71 Civ. 5323 |
| Matthew Margoles, etc. v. Lum's Inc., et al. | Civil Action No. 72 Civ. 664 |
| Mark Matthews v. Lum's, Incorporated, et al. (S.D. Florida, C.A. No. 72–617–Civ) | Civil Action No. 72 Civ. 5238 |
| Ruthellen Cope, etc. v. Caesars World, Inc., et al. (D.Nevada, C.A. No. LV–1808) | Civil Action No. 72 Civ. 5239 |

WEINFELD, Judge of the Panel (dissenting in part):

I would not coordinate or consolidate the SEC action with the other actions for the reasons set forth in my dissent in In re National Student Marketing Litigation, 368 F.Supp. 1311, 1319–1320 (J.P.M.L.1973).

### ORDER

The Panel having found, upon the basis of the papers submitted and the hearing held, that the actions listed on the attached Schedule A involve common questions of fact and that transfer of these actions to a single district for coordinated or consolidated pretrial proceedings would serve the convenience of the parties and witnesses and would further the just and efficient conduct of the litigation,

It is ordered that all actions on the attached Schedule A pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Charles R. Weiner, sitting by designation, for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the actions pending in that district and listed on Schedule A.

A full opinion and order will be filed hereafter.

### SCHEDULE A

#### Southern District of New York

| | |
|---|---|
| Rachel Brooks, et al. v. Caesars World, Inc., et al. | Civil Action No. 71 Civ. 5342 |
| Samuel L. Fenichel v. Jerome Zarowitz, et al. | Civil Action No. 71 Civ. 5375 |
| Matthew Margoles v. Earl Powell, et al. | Civil Action No. 72 Civ. 101 |
| Antone F. Gregorio v. Jay J. Sarno, et al. | Civil Action No. 71 Civ. 5470 |
| Lawrence Kraut v. William H. McElnea, Jr., et al. | Civil Action No. 71 Civ. 5687 |
| Edward Silver, et al. v. Lum's Inc., et al. | Civil Action No. 72 Civ. 1145 |
| Securities & Exchange Commission v. Lum's Inc., et al. | Civil Action No. 71 Civ. 5323 |
| Matthew Margoles, etc. v. Lum's Inc., et al. | Civil Action No. 72 Civ. 664 |

#### District of Nevada

| | |
|---|---|
| Ruthellen Cope, etc. v. Caesars World, Inc., et al. | Civil Action No. LV–1808 |

#### Southern District of Florida

| | |
|---|---|
| Mark Matthews v. Lum's, Inc., et al. | Civil Action No. 72–617–Civ– NCR |