## In re EQUITY FUNDING CORPORATION OF AMERICA SECURITIES LITIGATION.

*E. L. Thompson, Jr. v. McCarley & Co., Inc., et al.,* D. South Carolina, Civil Action No. 73–1344.

### No. 142.

Judicial Panel on Multidistrict Litigation.

Dec. 19, 1974.

Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER[*], JOSEPH S. LORD, III[*], and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Central District of California and, with the consent of that court, assigned them to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] Since the above-captioned action appeared to raise questions of fact common to some of the previously transferred actions, the Panel ordered the parties to show cause why this action should not likewise be transferred to the Central District of California. Plaintiff and defendants McCarley & Co., Inc. and Shields & Company, Inc. oppose transfer of plaintiff's action. Defendants Donaldson, Lufkin & Jenrette Securities Corporation and Stokes, Hoyt & Co. favor transfer. All parties agree, however, that the third-party action by Donaldson, Lufkin and Stokes, Hoyt against third-party defendant Yura Arkus-Duntov should be transferred under Section 1407 to the Central District of California.

We find that transfer of plaintiff's action will neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation. We agree, however, that the

---

[*] Judges Murrah, Becker and Lord were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

1. In re Equity Funding Corporation of America Securities Litigation, 375 F.Supp. 1378 (Jud.Pan.Mult.Lit.1974).

third-party action shares significant questions of fact common to the previously transferred litigation and we find that the criteria of Section 1407 are satisfied by its transfer to the Central District of California for coordinated or consolidated pretrial proceedings.[2]

Plaintiff instituted his action in the District of South Carolina against four broker-dealers: McCarley & Co., Shields & Company, Donaldson, Lufkin and Stokes, Hoyt. Just prior to the suspension of trading in Equity Funding securities, plaintiff placed an order for 1,000 of its shares with McCarley. McCarley transmitted the order to Shields, which obtained the shares from Donaldson, Lufkin acting as clearing agent for Stokes, Hoyt. Stokes, Hoyt was acting as broker for Yura Arkus-Duntov, an officer and director of Equity Funding Corporation of America.

Plaintiff basically alleges that the defendants violated the federal securities laws by settling his transaction after trading in Equity Funding securities had been halted, without disclosing to him the material, adverse information they were then aware of regarding Equity Funding's financial condition and by failing to disclose the relationship of Arkus-Duntov, the seller of the securities, to Equity Funding. Donaldson, Lufkin and Stokes, Hoyt have filed a third-party complaint against Arkus-Duntov alleging that he violated the securities laws in selling the 1,000 shares of Equity Funding.

The parties favoring transfer of plaintiff's action, as well as the third-party action, contend that plaintiff's claims involve allegations of non-disclosure similar to the allegations raised in some of the previously transferred actions. And they argue that like certain of the actions in the transferee district, plaintiff's claims necessarily involve the primary fraud at Equity Funding, which was the principal common question of fact underlying the transfers previously ordered.

Assuming, *arguendo*, that these contentions have merit, we are nevertheless convinced that the status of plaintiff's action makes its transfer pursuant to Section 1407 inappropriate. The action has proceeded rapidly through the pretrial stages under the supervision of Judge Solomon Blatt, Jr. of the District of South Carolina. At the time of the oral argument in this matter, the Panel was informed by counsel for plaintiff of the pendency of a motion for summary judgment against two of the defendants, which plaintiff intended to and subsequently did, expand to include all four defendants. Plaintiff's summary judgment motions were based on the facts elicited through his completed pretrial discovery of defendants. Judge Blatt denied plaintiff's motions and ordered his action against all four defendants set for trial. Since plaintiff's discovery has been completed and his action is ready for trial, there appears no reason for transferring it to the Central District of California. In re Protection Devices and Equipment and Central Station Protection Service Antitrust Cases, 295 F.Supp. 39, 40 (Jud.Pan.Mult.Lit. 1968).

The third-party action filed by two of the original defendants against Arkus-Duntov shares questions of fact common to other previously transferred actions in this litigation wherein Arkus-Duntov is a defendant. Since the development of the third-party action has not kept pace with plaintiff's action and because of the commonality above noted, transfer of the third-party action is appropriate.

---

**2.** To expedite the pretrial processing of the above-captioned action, as well as the transferred litigation, we previously entered an order transferring all claims in the entire action to the Central District of California and simultaneously separating and remanding all claims asserted by plaintiff Thompson to the District of South Carolina pursuant to 28 U.S.C. § 1407(a). This per curiam opinion embodies the reasons for our decision.

It is therefore ordered, pursuant to 28 U.S.C. § 1407(a), that the above-captioned action be transferred to the Central District of California; that all the claims asserted by plaintiff E. L. Thompson, Jr. against McCarley & Co., Inc., Shields & Company, Incorporated, Donaldson, Lufkin & Jenrette Securities Corporation and Stokes, Hoyt & Co. in the above-captioned action be, and the same hereby are, separated and remanded to the District of South Carolina for further proceedings; and that the third-party action, Donaldson, Lufkin & Jenrette Securities Corp., et al. v. Yura Arkus-Duntov, in the above-captioned action be, and the same hereby is, assigned, with the consent of the Chief Judge of the Central District of California, to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.