## In re **INDUSTRIAL WINE CONTRACTS SECURITIES LITIGATION.**
### No. 188.

Judicial Panel on Multidistrict Litigation.
Jan. 8, 1975.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, and STANLEY A. WEIGEL*, Judges of the Panel.

PER CURIAM.

I. *Background of the Litigation*

In June of 1974 the Securities and Exchange Commission filed an enforcement action in the Eastern District of Virginia against Robert Dale Johnson, Ridge Associates & Co., John D. Schrott, Jr., Vortex Corporation, Resource Evalu-

ation and Development, Inc., Canal Corporation, James L. Phillips and five other individuals. The SEC alleges that all defendants violated the securities registration provisions of the federal securities laws in connection with the sale of investment contracts, promissory notes and limited partnerships purportedly concerning the marketing of European wine. The SEC further alleges that defendants Johnson and Ridge Associates engaged in a multimillion dollar Ponzi scheme or sham whereby wine contract obligations, which included the return to investors of principal invested and profits ranging from 30 to 100 percent, were being paid off with the funds of subsequent investors. Eleven days after the SEC action was filed, a consent decree providing for injunctive relief was entered against all of the defendants on the registration provisions charges and against defendants Johnson and Ridge Associates on the antifraud charges.

In addition, the Government recently filed a criminal indictment in the Eastern District of Virginia against defendant Johnson for his alleged participation in the Ponzi scheme. He subsequently pleaded guilty to two counts of fraudulent conduct and was sentenced to six years imprisonment. The criminal investigation concerning other individuals is still in progress.

After the SEC action was filed, six private actions were filed, five in the Eastern District of Virginia and one in the Western District of Missouri. Some of the parties are both plaintffs and defendants in these actions. For example, some of the middlemen in the marketing operation are plaintiffs in some actions and defendants in others. Likewise, United Virginia Bank/National is a plaintiff in one action and a defendant in three others. Two of the actions purport to be class actions: The Missouri action was filed on behalf of all persons who purchased investment contracts from defendant Phillips in the name of

---

* Although Judges Lord and Weigel were not present at the hearing, they have, with the consent of all parties, participated in this decision.

a partnership known as International Investments between October 1, 1973 and May 17, 1974; and one of the Virginia actions was filed on behalf of all persons who borrowed monies from any of three Virginia banks for the purpose of investing in the wine contracts and who have not yet repaid the debts. The Virginia court, however, has denied class action status in the latter action. All of these private actions contain allegations that track the allegations in the SEC action.

With respect to the five Virginia actions, the Honorable John A. MacKenzie has recently issued a memorandum opinion in which he consolidated before himself the *Barnes* and *Johnson* actions; consolidated separately before himself the *Canal Corporation* and *United Virginia Bank/National* actions; and decided that the *Vortex* action should continue to proceed separately before the Honorable Albert V. Bryan, Jr.

## II. *Motion before the Panel*

John D. Schrott, Jr. and Vortex Corporation are common parties to all of the actions in this litigation. They move the Panel pursuant to 28 U.S.C. § 1407 for an order transferring the Missouri action to the Eastern District of Virginia for coordinated or consolidated pretrial proceedings with the five actions pending there. Only the plaintiffs in the Missouri action oppose transfer, while some of the Virginia defendants urge the Panel to show deference to Judge MacKenzie's prior ruling concerning consolidation of the Virginia actions. We find that these actions involve common questions of fact and that transfer of the Missouri action under Section 1407 to the Eastern District of Virginia will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

## III. *Arguments of the Missouri Plaintiffs in Opposition to Transfer*

The Missouri plaintiffs oppose transfer of their action to Virginia for two reasons. First, they have been advised that defendant Phillips, one of the three defendants in the Missouri action, intends to file a petition for bankruptcy in the very near future and, consequently, all pending litigation against him will be stayed. (The other two defendants in this action are movants Schrott and Vortex.) Secondly, plaintiffs contend that they cannot afford to pay additional travel and related expenses for their counsel to attend pretrial conferences and other proceedings in the Eastern District of Virginia and therefore transfer will be tantamount to a dismissal of plaintiffs' complaint.

## IV. *Transfer of the Missouri Action to the Eastern District of Virginia*

■■ Defendant Phillips's potential bankruptcy is irrelevant in regard to the appropriateness of transfer of the Missouri action under Section 1407. What is important, however, is the fact that all three defendants in the Missouri action, including defendant Phillips, are also defendants in one or more of the Virginia actions and are faced with substantially similar charges in both the Missouri and Virginia jurisdictions. Moreover, all of the actions in this litigation share common questions of fact inasmuch as each complaint contains virtually identical allegations of fraudulent conduct tracking those asserted in the SEC action.

Thus, transfer of the Missouri action to the Eastern District of Virginia for coordinated or consolidated pretrial proceedings with the five actions pending there will prevent duplication of discovery and eliminate the possibility of inconsistent pretrial rulings.

Plaintiffs' concern about the possibility of Section 1407 proceedings causing additional expense because of counsel's travel to the transferee district is unwarranted. Since the Missouri plaintiffs appear to share virtually identical interests with the plaintiffs in the *Barnes* and *Johnson* actions in Virginia, the judicious use of liaison counsel, lead counsel and steering committees could eliminate the need for Missouri counsel

to travel to the transferee district. *See* Manual for Complex Litigation, Part I, Sections 1.90–1.93 (rev. ed. 1973).

In addition, movants advise us that they anticipate several tag-along actions in this litigation. *See* R.P.J.P.M.L. 1, 53 F.R.D. 119, 120 (1971) as amended 55 F.R.D. LI (1972). Accordingly, the institution of Section 1407 proceedings at this time will have the salutary effect of providing a ready forum for the most just and expeditious judicial treatment of any future actions along with the present ones. *See* R.P.J.P.M.L. 12, at 123–124.

### V. *Coordination or Consolidation*

We recognize that Judge Mac-Kenzie has issued an order concerning the consolidation and assignment of the five actions heretofore pending in the Eastern District of Virginia. And we emphasize that the Panel has consistently held the view that it is the province of the transferee judge to determine whether and to what extent the pretrial proceedings should be coordinated or consolidated. *See, e. g.* In re Equity Funding Corporation of America Securities Litigation, 375 F.Supp. 1378, 1384 (Jud.Pan.Mult.Lit.1974). In this light, we trust that any necessary coordination between Judge MacKenzie and Judge Bryan will be effectuated at their own discretion.

### VI. *Selection of the Transferee District*

Clearly, the Eastern District of Virginia is the focal point of this litigation and the most appropriate transferee forum. Five of the six private actions are already pending in that district and almost all of the corporate and individual defendants as well as the relevant documents and witnesses are located there.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action listed on the attached Schedule A pending in the Western District of Missouri be, and the same hereby is, transferred to the Eastern District of Virginia and, with the consent of that court, assigned to the Honorable John A. MacKenzie for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

SCHEDULE A

**Eastern District of Virginia**

| | |
|---|---|
| Vortex Corp., et al. v. Ridge Associates & Co., et al. | Civil Action No. 344–74–A |
| Canal Corp., et al. v. United Virginia Bank/National, et al. | Civil Action No. 371–74–A |
| United Virginia Bank/National v. Vortex Corp., et al. | Civil Action No. 515–74–A |
| Lenora R. Johnson, et al. v. Robert Dale Johnson, et al. | Civil Action No. 527–74–A |
| W. T. Barnes, et al. v. Robert D. Johnson, et al. | Civil Action No. 589–74–A |

**Western District of Missouri**

| | |
|---|---|
| Paul O. Dooley, et al. v. James L. Phillips, et al. | Civil Action No. 74–562–W–3 |