**In re EQUITY FUNDING CORPORATION OF AMERICA LITIGATION.**

**No. 142.**

Judicial Panel on Multidistrict Litigation.

Feb. 20, 1975.

* Although Judges Lord and Weigel were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, and STANLEY A. WEIGEL*, Judges of the Panel.

PER CURIAM.

The Panel has previously transferred all actions in this litigation to the Central District of California and, with the consent of that court, assigned them to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] Since the above-captioned action appeared to involve factual issues common to the previously transferred actions, the Panel issued an order conditionally transferring it to the Central District of California.[2] Only plain-

1. In re Equity Funding Corporation of America Litigation, 375 F.Supp. 1378 (Jud. Pan.Mult.Lit.1974).

2. Rule 12, R.P.J.P.M.L., 53 F.R.D. 119, 123 (1971).

tiffs move to vacate the conditional transfer order.

We find that this tag-along action involves questions of fact common to the actions previously transferred to the Central District of California and that its transfer to that district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

Plaintiffs instituted their action in a Massachusetts state court alleging violations of the Massachusetts Uniform Securities Act and Section 17(a) of the Securities Act of 1933. Each plaintiff purportedly received a gift of 100 shares of Equity Funding Corporation of America (EFCA) common stock and purchased $5,000 Fidelity Corporation bonds. Plaintiffs were allegedly defrauded by defendant EFCA's inducement to retain the stock they received as a gift and injured by their sale of the Fidelity bonds with a resulting monetary loss caused by EFCA's embezzlement of Fidelity's assets. Defendants subsequently removed this action to federal court. A motion by plaintiffs to remand this action to state court was recently denied.

In support of their motion to vacate the conditional transfer order, plaintiffs argue that no common factual questions exist between this action and the previously transferred actions because none of the transferred actions involves claimants who are either gift recipients of EFCA securities or Fidelity bondholders. We disagree. A comparison of the *Block* complaint with the unified and consolidated amended complaint filed in the transferee district indicates that both contain similar allegations focusing upon analogous violations of securities laws. Thus, transfer of this action to the Central District of California for coordinated or consolidated pretrial proceedings pursuant to Section 1407 will eliminate duplication of discovery efforts between the *Block* action and the previously transferred actions. In addition, the participation of the *Block* parties in such proceedings will insure the just and efficient termination of the *Block* action. A separate discovery schedule concerning claims unique to the *Block* action may be appropriately established by the transferee court and it may proceed concurrently with the common discovery.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action entitled Edward M. Block, et al. v. Equity Funding Life Insurance Company, et al., D. Massachusetts, Civil Action No. 74–4227–T, be, and the same hereby is, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.

