**In re EQUITY FUNDING CORPORATION OF AMERICA SECURITIES LITIGATION.**

*Daniel Zimmerman v. Edwards & Hanly,* S.D.N.Y., Civil Action No. 74 Civ. 2831

**No. 142.**

Judicial Panel on Multidistrict Litigation. May 22, 1975.

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Central District of California and, with the consent of that court, assigned them to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] Since the above-captioned action appeared to involve factual issues common to the actions previously transferred, the Panel issued an order conditionally transferring it to the Central District of California.[2] Defendant Edwards & Hanly moves the Panel for an order vacating the conditional transfer order. Plaintiff Zimmerman opposes the motion.

On the basis of the papers filed with the Panel, we find that this tag-along action involves questions of fact common to the actions previously transferred to the Central District of California and that its transfer to that district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.[3]

The *Zimmerman* action was recently filed in the Southern District of New York against the Edwards & Hanly securities brokerage firm. Plaintiff Zimmerman claims that on March 26, 1973, a representative of the firm recommended to him the purchase of Equity Funding Corporation of America (EFCA) common stock and that, pursuant to this advice, he ordered 700 shares of EFCA stock through Edwards & Hanly for his margin account. Following the collapse of EFCA on March 27, 1973, Mr. Zimmerman apparently refused to pay Edwards & Hanly for this order. Plaintiff alleges that the brokerage firm violated the federal securities laws, *inter alia*, by recommending the purchase of EFCA securities because it knew, or should have known, of the fraud perpetrated by EFCA and failed to disclose this material information to him.

Shortly before plaintiff filed this action, Edwards & Hanly notified Mr. Zimmerman of its intention to arbitrate

1. In re Equity Funding Corporation of America Securities Litigation, 375 F.Supp. 1378 (Jud.Pan.Mult.Lit.1974) ; 385 F.Supp. 1262 (Jud.Pan.Mult.Lit.1974) ; 391 F.Supp. 767 (Jud.Pan.Mult.Lit., filed February 20, 1975).

2. Rule 12, R.P.J.P.M.L., 53 F.R.D. 119, 123 (1971).

3. The parties waived their right to oral argument and, at their request, the question of transfer of this action under 28 U.S.C. § 1407 was submitted on the briefs.

the matter on the ground that the margin account agreement between the two parties requires them to resolve disputes by arbitration before either the New York Stock Exchange or the American Arbitration Association. After the action was filed, defendant filed a motion therein to dismiss all federal securities laws claims because of the obligation to resolve the disagreement by arbitration. The motion also contains a request for a stay of all proceedings involving non-federal securities laws claims pending arbitration. Plaintiff has cross-moved for an order enjoining defendant from proceeding with arbitration.

In support of its motion to vacate the conditional transfer order, defendant argues that the central factual issues to be resolved in this action relate to whether movant knew of the alleged EFCA fraud and failed to disclose it to plaintiff at the time plaintiff purchased EFCA securities, whereas the key factual questions among the previously transferred actions relate to whether EFCA defrauded investors. Movant contends that this action is similar to others commenced by EFCA investors against their stockbrokers, each of which is being treated separately in the transferee district from those that have been consolidated and, therefore, *Zimmerman* will probably maintain its individual character regardless of transfer. In addition, movant maintains that transfer would aid plaintiff in delaying arbitration of this dispute by requiring the parties to become engaged in the massive pretrial proceedings being conducted in California.

We are not persuaded by movant's arguments. A comparison of the *Zimmerman* complaint with the consolidated and unconsolidated complaints pending in the transferee district indicates that all of the pleadings contain similar allegations involving the underlying fraud at Equity Funding. As we said in our initial opinion and order in this litigation concerning the broker-dealer actions, "These actions necessarily involve the primary fraud at Equity Funding and, in order to eliminate the possibility of duplicative discovery and inconvenience to the parties and witnesses, they should be transferred to the Central District of California and placed under the general supervision of the transferee judge." In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1382 (Jud.Pan.Mult.Lit. 1974). So, too, must *Zimmerman* be transferred. The transferee judge, of course, may establish a separate discovery schedule for any claims unique to this action and that discovery may proceed concurrently with the discovery common to the rest of the litigation. *See* In re Republic National-Realty Equities Securities Litigation, 382 F.Supp. 1403, 1405–06 (Jud.Pan.Mult.Lit.1974).

Moreover, we are advised that, like the *Zimmerman* action, a number of the broker-dealer actions currently pending in the transferee district involve the question of the propriety of arbitration proceedings. Thus, transfer of *Zimmerman* will result in the additional benefits of conserving judicial effort and eliminating the possibility of inconsistent rulings on this particular question.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action entitled Daniel Zimmerman v. Edwards & Hanly, S.D.N.Y., Civil Action No. 74 Civ. 2831, be, and the same hereby is, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.