**In re EQUITY FUNDING CORPORA-
TION OF AMERICA SECURI-
TIES LITIGATION.**

**No. 142.**

Judicial Panel on Multidistrict Litigation.

July 16, 1975.

### OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Central District of California and, with the consent of that court, assigned them to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] Since the above-captioned action appeared to involve factual issues common to the previously transferred actions, the Panel issued an order conditionally transferring it to the Central District of California.[2] Plaintiff Littell moves the Pan-

---

1. In re Equity Funding Corporation of America Securities Litigation, 375 F.Supp. 1378 (Jud.Pan.Mult.Lit.1974); 385 F.Supp. 1262 (Jud.Pan.Mult.Lit.1974); 391 F.Supp.

767 (Jud.Pan.Mult.Lit.1975); 396 F.Supp. 1277 (Jud.Pan.Mult.Lit.1975).

2. Rule 9, R.P.J.P.M.L, 65 F.R.D. 253, 259–60 (1975).

el for an order vacating the conditional transfer order. Defendant Bache & Co. opposes the motion.

Upon consideration of the papers filed with the Panel, we find that this tag-along action involves questions of fact common to the actions previously transferred to the Central District of California and that its transfer to that district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.[3]

This action was instituted recently by Dr. Littell in the Southern District of Texas against Bache, a securities brokerage firm. Plaintiff Littell claims that in February 1973, a month before the Equity Funding debacle was disclosed to the public, he purchased certain Equity Funding Corporation of America (EFCA) 9½% debentures from defendant Bache, the principal underwriter involved in the sale and distribution of these debentures. The complaint contains allegations that defendant violated the federal securities laws as both an underwriter and a broker by failing to examine the financial stability of EFCA with due care at the time defendant promoted the sale of EFCA debentures to the public, which, in turn, caused material facts about EFCA to be misrepresented in and omitted from information disseminated by defendant.

In support of his motion to vacate the conditional transfer order, movant propounds arguments similarly asserted by other parties in opposition to previously transferred investor-broker actions. *See, e. g., In re Equity Funding Corporation of America Securities Litigation,* 396 F.Supp. 1278, 1279 (Jud.Pan.Mult. Lit., 1975). Principally, movant contends that his action is only peripherally related to the mainstream of the litigation in the transferee district and that its transfer would compel him to become unnecessarily involved in the massive pretrial proceedings being conducted there. Movant also argues that any information required in this action about the alleged fraud at EFCA has already been discovered by EFCA's bankruptcy trustee and revealed by him in explicit detail through published reports, which obviates any need for transfer. In addition, it is asserted that discovery regarding the allegedly unlawful activities of defendant Bache can easily be obtained via pretrial proceedings in the Southern District of Texas.

Movant's arguments in opposition to transfer are unconvincing. A comparison of the complaint in *Littell* with the consolidated and unconsolidated complaints filed in the transferee court indicates that all of the pleadings contain like allegations pertaining to the underlying fraud at EFCA. And we have held before regarding investor-broker actions in this litigation that the commonality of factual issues arising from the need to determine whether fraud existed at EFCA dictates that these actions be included in the coordinated or consolidated pretrial proceedings. *See, e. g., In re Equity Funding Corporation of America Securities Litigation,* 375 F.Supp. 1378, 1382 (Jud.Pan.Mult.Lit., 1974) and 396 F.Supp. 1278, 1279 (Jud.Pan.Mult.Lit., 1975). Nor are we persuaded that the bankruptcy trustee's reports will provide the sole source of discovery concerning the underlying fraud issues in *Littell* and also in all the actions presently before Judge Lucas. Furthermore, and very importantly, in *Littell* Bache is faced with charges that are substantially similar to those it confronts in several of the actions in the transferee district.

3. The parties waived their right to oral argument and, at their request, the question of transfer of this action under Section 1407 was submitted on the briefs.

**886**

Thus, transfer of this action under Section 1407 for inclusion in the ongoing proceedings is clearly necessary in order to prevent duplicative pretrial efforts by the parties, the witnesses and the judiciary.

 Of course, the transferee judge is empowered to establish a separate discovery schedule for any issues unique to *Littell* and discovery on such issues can proceed concurrently with the other discovery in this litigation. *In re Republic National-Realty Equities Securities Litigation*, 382 F.Supp. 1403, 1405–06 (Jud. Pan.Mult.Lit.1974).

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action entitled *Milton Littell v. Bache & Co., Inc.*, S.D. Texas, Civil Action No. 75–H–266, be, and the same hereby is, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Malcolm M. Lucas for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.

