Leola E. MEEDER et al., Plaintiffs,

v.

SUPERIOR TUBE COMPANY et al., Defendants.

Evelyn F. LERACH, on behalf of herself and all other persons similarly situated, Plaintiff,

v.

SUPERIOR TUBE COMPANY et al., Defendants.

INVESTORS INSURANCE COMPANY OF AMERICA, Plaintiff,

v.

Clarence A. WARDEN, Jr., et al., Defendants.

Civ. A. Nos. 76–1233, 76–1254 and 76–1274.

United States District Court, W. D. Pennsylvania.

Nov. 29, 1976.

John A. Metz, Jr., Reuben Fingold, Metz, Cook, Hanna & Kelly, Pittsburgh, Pa., for Meeder and others.

Roslyn M. Litman, Litman, Litman, Harris & Specter, Pittsburgh, Pa., Milberg & Weis, New York City, for Lerach.

Fred C. Houston, Jr., Houston, Houston & Donnelly, Pittsburgh, Pa., Burton L. Knapp, Lipper, Lowey & Dannenberg, New York City, for Investors Ins. Co.

William Wycoff, Pittsburgh, Pa., Guy T. Moore, Philadelphia, Pa., and Thorp, Reed & Armstrong, Pittsburgh, Pa., and Saul, Ewing, Remick & Saul, Philadelphia, Pa., for Superior Tube Co. and Clarence A. Warden, Jr.

James D. Morton and Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for Williams & Co., Inc., and others.

H. Ober Hess, Philadelphia, Pa., for Richard H. Gabel.

Michael D. Fox, John P. Edgar and Berkman, Ruslander, Pohl, Lieber & Engel, Pittsburgh, Pa., Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for Butcher & Singer, Inc.

## OPINION

COHILL, District Judge.

On September 27, 1976, Leola E. Meeder ("Meeder") and six other shareholders of Williams & Co., Inc. ("Williams") filed a class action complaint against Williams, Superior Tube Company ("Superior"), and six individual defendants.

On October 1, 1976, Evelyn F. Lerach ("Lerach"), a Williams shareholder, filed a class action complaint against Superior, Williams, Butcher & Singer, Inc. and ten individual defendants.

On October 6, 1976, Investors Insurance Company of America ("Investors"), a Williams shareholder, filed a class action complaint against Superior, Williams and eight individual defendants.

All three cases were assigned to this judge as being related cases. We will not go into the details of the allegations of the three complaints, as it is not necessary for the purposes of this Opinion. Suffice it to say that all three cases arise as the result of a tender offer made by Superior for the stock of Williams. The Meeder case now has six individual stockholder plaintiffs (Helen Fingold having withdrawn), who own a total of 2038 shares of Williams; the Lerach case has one individual stockholder plaintiff, who owns 1104 shares; the Investors case has one corporate stockholder plaintiff, owning 2100 shares. There are some defendants common to all three cases and others who are not.

The complaint in the Meeder case alleges that Superior's tender offer is intended to accomplish a merger of Superior and Williams without providing the shareholders of Williams with the rights of dissenting shareholders under Pennsylvania law; that the defendants are fraudulently precluding the Williams' shareholders from getting the fair value of their shares; that Superior entered into separate stock sale agreements with certain Williams' shareholders; that all of this constituted "a fraudulent, deceptive and manipulative act or practice in connection with a tender offer."

In addition, the Meeder complaint made class action allegations, sought an injunction to restrain all proceedings in connection with the tender offer, a decree that plaintiffs should have the rights of dissenting shareholders under the Business Corporation Law of Pennsylvania and a determination of the fair value of Williams shares.

For purposes of the matters under consideration here, it may be said that the Lerach complaint contained essentially the same allegations and sought essentially the same relief as Meeder, except that Lerach asked for a preliminary injunction. The same may be said for the Investors' complaint, although it also contained a Count alleging a derivative action on behalf of Williams against all of the defendants in that case.

On October 29th, and before all of the defendants had been served, we held a status conference with the attorneys of all of the parties who had entered an appearance up to that point. This was done because some counsel were seeking expedited discovery proceedings, and it appeared that much duplication of effort among both plaintiffs and defendants might occur unnecessarily.

We indicated to counsel at that conference that we would hold the cases in abeyance until all of the defendants had been served, and that we would subsequently consider the motions by counsel for Lerach

and Investors to consolidate the three cases into one and appoint lead counsel.

On November 23rd, all parties having been served, we heard arguments on the issue of consolidation of these cases.

To summarize the positions of the parties, Meeder wants the Lerach and Investors' actions stayed while Meeder proceeds with discovery and related proceedings leading to an eventual class action determination sometime in April, 1977, pursuant to Rule 23, Fed.R.Civ.P. Counsel for the defendants in all three cases concur with this position.

Lerach and Investors want all three actions consolidated now (under Rule 42(a), Fed.R.Civ.P.), lead counsel designated and the discovery and related proceedings commenced immediately.

Counsel for Lerach have argued, citing the Manual for Complex Litigation, §§ 1.44 and 5.02, that where two or more class actions are filed in the same court the proper procedure is to consolidate those cases.

They further argued that a stay of the Lerach and Investors cases is improper under these circumstances because the Manual for Complex Litigation makes no reference to a stay, and also because the Supreme Court in *Landis v. North American Co.,* 229 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153, 158 (1936), stressed that the party seeking a stay of another action must make out

> ". . . a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."

The Manual for Complex Litigation, of course, does not have the force and effect of law; it is merely an excellent reference and text on handling complex cases.

We believe that a ruling somewhat different from any of those suggested is the most appropriate.

We have considered the arguments of counsel and the treatises, texts and cases on which they rely, and are not persuaded at this juncture that either a complete consolidation of all three cases, or a stay of the Lerach and Investors cases would be appropriate.

It would be manifestly unfair to stay the Lerach and Investors cases now, as future events, passage of time during discovery proceedings in the Meeder case, and the outcome of the class designation question in that case, might work to the prejudice of Lerach and Investors. If, for instance, it were determined that Meeder should not be designated a class action, then some six months would have been lost by Lerach and Investors. In addition, of course, a determination would have to be made at that point whether the Investors case should again be stayed while Mrs. Lerach had her turn at bat.

Neither, however, is there a sufficient record before us at this time to justify a consolidation of the cases under Rule 42(a), Fed.R.Civ.P. In each case there are one or more defendants who are not common to the other two cases. While the three cases appear to be bottomed on the same set of facts, there are different defendants, as noted, and the Investors' case has a count alleging a derivative action for Williams and Co. Rule 42(a) speaks of consolidating actions "involving a common question of law or fact," but at this point we just don't know how "common" these questions may be. Consolidation under Rule 42(a) is a discretionary matter. *Garber v. Randell,* 477 F.2d 711 (2d Cir. 1973).

The situation here presents an obvious similarity to the procedural aspects of suits arising under 28 U.S.C.A. § 1407, multidistrict litigation. In that jurisprudential arena it is not uncommon to consolidate cases for the purpose of pretrial discovery. See: *In re Franklin National Bank Securities Litigation,* Jud.Pan.Mult.Lit., 393 F.Supp. 1093 (1975); *In re Industrial Wine Contracts Securities Litigation,* Jud.Pan.Mult. Lit., 386 F.Supp. 909 (1975).

Consolidation of these cases for purposes of discovery could be geared to identifying a class or perhaps subclasses involved in each individual action and is appropriate. Each complainant would thus be able to discover relevant information leading to the class definition, which information will be indispensable in determining at a later time the propriety of consolidating or staying these actions.

Some of the defendants in these actions are common to all; some are not. It cannot be said at this point in time that this situation parallels, for example, *Feldman v. Hanley,* 49 F.R.D. 48 (S.D.N.Y.1965), cited both by plaintiff Lerach and defendant Williams on different points. There the court ordered consolidation of three cases, stressing that the gravamen of the three complaints and principal issues of law and fact were identical. We cannot make such a statement at this time, on the basis of the record before us.

We view the proper procedure to be the conduct of discovery by counsel in all three cases for the benefit of their own individual clients. However, this might create the inconvenience of duplicated discovery from the defendants' points of view and the distinct possibility that many items will be "discovered" three times.

■ In multidistrict cases the transferee judge has broad discretion to design a pretrial program to obtain maximum efficiency for counsel and economy of judicial time. *In re Molinaro/Catanzaro Patent Litigation,* Jud.Pan.Mult.Lit., 402 F.Supp. 1404 (1975); he can also establish a separate discovery schedule for any issue unique to the case, while discovery on common issues proceeds concurrently. *In re Equity Funding Corp. of America Securities Litigation,* Jud.Pan.Mult.Lit., 397 F.Supp. 884 (1975).

If a shareholder of defendant Williams had filed an action in another district arising out of the Superior Tube tender offer, and if that action were transferred to this district by the judicial panel, then surely we would have the powers of a transferee judge as outlined in the above-cited cases.

The coincidence of the filing of these three cases in the same district should not make the discovery procedure to be followed any more difficult or inconvenient than in a multidistrict case transferred to one district by the judicial panel.

The duties of a transferee judge in such a situation were well-stated in *In re U. S. Financial Litigation,* 64 F.R.D. 76 at 78, 79 (S.D.Cal.1974) where the language in the statute (28 U.S.C. § 1407(a)) was considered:

"Those critical statutory words ('coordinated or consolidated pretrial proceedings') were undoubtedly intended to confer on a transferee judge the power and duty to fashion a pretrial program to prevent duplication of discovery and unnecessary inconvenience to the parties and witnesses, while at the same time taking account of the different facets and nuances of the various actions comprising the litigation.

". . . it is the responsibility and within the sole discretion of the transferee judge to determine whether and to what extent the pretrial proceedings in a particular action should be coordinated or, if appropriate, consolidated with the pretrial proceedings in other actions."

See also: *In re Equity Funding Corporation of America Securities Litigation,* Jud. Pan.Mult.Lit., 375 F.Supp. 1378 (1974).

How then can this desirable goal be reached in this litigation?

■ All of the plaintiffs are represented by competent counsel; while the three complaints arise out of the same circumstances, that is, the tender offer by Superior, the defendants are not all common to all the cases; one complaint contains a count alleging a derivative suit by Williams; one plaintiff is a corporation. There are, then, differences. There may even be more differences than those that we have noted. Whether those differences are differences of form or of substance remains to be seen.

It makes sense, therefore, to permit each attorney to control the destiny of his own client's case at this time. But to avoid

duplication and unnecessary inconvenience to the parties and witnesses there should be coordinated discovery. This can best be accomplished by the designation of counsel to coordinate and act as liaison with other counsel and with the court.

We would have no hesitancy in appointing any of the attorneys representing the plaintiffs in these three cases as lead counsel in a class action situation; they are all highly competent. Such an appointment, as we have indicated, would be premature at this time. It is appropriate, however, to appoint liaison counsel for discovery purposes.

The Meeder case was filed first, and six individual plaintiffs there hold a substantial number of shares.

We will therefore appoint the counsel for plaintiffs in the Meeder case as liaison counsel. We will direct that within two weeks liaison counsel submit for the court's approval a plan and schedule for the coordination of discovery, after conferring with counsel for the other plaintiffs, with respect thereto.

An appropriate order will be entered.