In re Multidistrict Private Civil Treble Damage Litigation Involving **LIBRARY EDITIONS OF CHILDREN'S BOOKS.**

Nos. 2, 4, 5, 6 and 7.

Judicial Panel on Multidistrict Litigation.

Oct. 17, 1968.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER TRANSFERRING CIVIL ACTIONS UNDER SECTION 1407, TITLE 28, UNITED STATES CODE, TO THE NORTHERN DISTRICT OF ILLINOIS

JOHN MINOR WISDOM, Judge of the Panel.

Pending in eight United States district courts are twenty-one private antitrust treble damage suits filed by certain states, counties, and cities against major publishers and wholesalers of library editions of children's books. See Schedule A. August 8, 1968, the Judicial Panel on Multidistrict Litigation heard Motions to Transfer these cases to a single district court (the Southern District of New York or the Northern District of California or the Northern District of Illinois) for pretrial proceedings under 28 U.S.C. § 1407. We hold that the coordination and consolidation of the pretrial proceedings in all of these cases and the transfer to the Northern District of Illinois, Eastern Division (Chicago), of the cases not pending in that district will best serve the convenience of the parties and witnesses, and best promote the just and efficient conduct of the litigation.

I.

The California plaintiffs oppose any transfer on the ground that the policy contained in Section 1407 will not be effectuated by a transfer. They point out that the law establishes only two standards: (1) the "convenience of parties and witnesses" and (2) the promotion of "the just and efficient conduct of such actions". They argue, therefore, that the convenience of counsel, the accessibility of the proposed transferee district, and the location of a defendant's principal

place of business are not recognized in Section 1407 as standards in determining whether a transfer should be made. Affirmatively, they contend that plaintiffs of limited means should not be compelled to travel to a distant forum, especially in this type of litigation, since "Congress has expressed its belief that private antitrust litigation is one of the surest weapons for effective enforcement of the antitrust laws". Minnesota Mining and Manufacturing Co. v. New Jersey Wood Finishing Co., 1965, 381 U.S. 311, 318, 85 S.Ct. 1473, 1477, 14 L.Ed.2d 405.

■ This is a worm's eye view of Section 1407. Of course it is to the interest of each plaintiff to have all of the proceedings in *his* suit handled in *his* district. But the Panel must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation as a whole in the light of the purposes of the law.

Here we have complex multidistrict litigation involving a large number of parties in widely separated areas. The actions involve common questions of fact. The complaints are substantially similar. Indeed, all of the complaints rely, in large part, on the Government's allegations in eighteen civil antitrust actions against certain publishers, all defendants in the cases now being considered by the Panel.

■ All parties, except the defendant wholesalers, were on record before the Coordinating Committee for Multidistrict Litigation of the United States District Courts as favoring, in one form or another, a coordinated national discovery program. That Committee recommended a form of "National Pretrial Order No. 1" for entry in each of the cases, and the order has now been entered in five of the eight jurisdictions where the cases are pending. Congress adopted the transfer procedure authorized by Section 1407 for the specific purpose of superseding the voluntary procedures of the Coordinating Committee. As stated in House Report No. 1130, 90th Cong., 2d Sess., the bill was "drafted by the Coordinating

Committee" and "based on the experience of the Coordinating Committee in supervising nationwide discovery proceedings in the electrical equipment cases which flooded the Federal courts in the early 1960's". U.S. Code Cong. & Adm. News, 90th Cong., 2d Sess., p. 1051 (No. 4, June 5, 1968). "The objective of the legislation is to provide centralized management under court supervision of pretrial proceedings of multidistrict litigation to assure the 'just and efficient conduct' of such actions. The committee believes that the possibility for conflict and duplication in discovery and other pretrial procedures in related cases can be avoided or minimized by such centralized management." Id. at 1051. "The basic purpose of assigning [multiple litigation] to a single judge is to provide for uninterrupted judicial supervision and careful, consistent planning and conduct of pretrial and trial proceedings" that will eliminate or reduce conflict and duplication of effort. "Manual for Complex and Multidistrict Litigation" (1968) p. 10. This antitrust litigation comes well within the basic purpose of Section 1407.

## II.

■ To no one's surprise, each of three groups of litigants advances plausible arguments for the consolidation of the cases in the district most convenient to the members of the group. Here litigation far from home apparently presented no problem from such diversely located plaintiffs as the State of Alaska, the City of Los Angeles, the City of Hastings, Minnesota and the City of Tampa, Florida, all of which chose to intervene as plaintiffs in the case pending in Philadelphia, and the cities of Baltimore, Maryland and Richmond, Virginia, which chose to bring their suits in San Francisco.

(1) Sixteen of the publisher-defendants contend that the appropriate transferee district is the Southern District of New York. They point out that New York City is the heart of the publishing industry; that their principal offices are

in New York; that, therefore, their general counsel, sales records, and personnel are all available in the Southern District of New York.

(2) The California plaintiffs object to transferring any of the cases. If the cases are to be consolidated in a single court, they contend that the transferee court should be the District Court for the Northern District of California, where 11 of the 21 cases are now pending. They say that the calendars in the Southern District of New York and the Northern District of Illinois are severely congested; that expedient handling of this litigation will be served by keeping it in the forum where West Coast counsel have already been working together on an agreed course of pretrial and discovery matters not covered by the national discovery program.

(3) The Panel recognizes the weight of the arguments advanced by the various groups of litigants, but holds that the jurisdiction best suited for coordination and consolidation of the cases is the Northern District of Illinois, Eastern Division (Chicago). A number of reasons support this conclusion. The United State filed its seminal antitrust actions in that district and of course, the grand jury documents relating to the actions are in Chicago. Many of the plaintiffs in the instant cases sought to intervene in the Government's cases; many applied to the district court for release of documents subpoenaed in connection with the grand jury's investigation before the Government filed suit.

The Coordinating Committee recognized that the litigation's center of gravity was Chicago. National Pretrial Order No. 1 provides for a centrally located documentary depository in Chicago. Now pending in the Northern District of Illinois are two cases involving all eighteen publishers as defendants and almost all of the wholesalers who are defendants in various of such cases. State of Illinois, et al. v. Harper & Row Publishers, Inc., et al., No. 67 C 1899; State of West Virginia, et al. v. Harper & Row Publishers, Inc., et al., No. 67 C 1906. Since the filing of the transfer motion, additional wholesalers have been made defendants in the two Chicago cases, and now all but one of the wholesalers who have been sued in any of the twenty-one cases are defendants in one or both of the Chicago cases. In no other jurisdiction is there such a concentration of wholesaler-defendants. The statistical evidence of congestion in the three proposed transferee districts is not conclusive. The statistics show, however, that the time interval from issue to trial, for civil cases in which a trial was completed during the fiscal year ended June 30, 1967, was substantially less in the Northern District of Illinois than in either the Southern District of New York or the Northern District of California. Annual Report of the Director of the Administrative Office of the United States Courts (1967). In any event, delays caused by calendar congestion may be avoided by the appointment of a judge for all purposes within the district or by the appointment of another judge from outside the district in accordance with Section 1407(b). Finally, we note that although air travel renders both California and New York readily accessible, there is still something to be said for the convenience of a geographically central forum in coast-to-coast litigation.

It is therefore ordered that the Motion to Transfer to the Northern District of Illinois the antitrust actions against the defendants pending in districts other than the Northern District of Illinois be, and it is hereby, granted for the purpose of coordinating and consolidating pretrial proceedings in those cases with the similar actions pending in that district. All other motions are denied. It is further ordered that the antitrust actions, listed in Appendix A, pending in districts other than the Northern District of Illinois be, and they are hereby, transferred under Section 1407 of Title 28, United States Code, to the Northern District of Illinois, and assigned to the Honorable Bernard M. Decker with the consent in writing of the transferee court.

## SCHEDULE A

### Northern District of Illinois

1. State of Illinois, et al.                 Civil Action
   v.                                        No. 67 C 1899
   Harper & Row Publishers, Inc., et al.

2. State of West Virginia, et al.            Civil Action
   v.                                        No. 67 C 1906
   Harper & Row Publishers, Inc., et al.

### District of Kansas

3. State ex rel. Londerholm, et al.          Civil Action
   v.                                        No. T–4370
   Harper & Row Publishers, Inc., et al.

### District of Minnesota

4. City of St. Paul                          Civil Action
   v.                                        No. 3–68–124
   Harper & Row Publishers, Inc., et al.

5. State of Minnesota                        Civil Action
   v.                                        No. 3–68–156
   Harper & Row Publishers, Inc., et al.

### Western District of Wisconsin

6. State of Wisconsin                        Civil Action
   v.                                        No. 67 C 157
   Harper & Row Publishers, Inc., et al.

### Northern District of California

7. State of Washington                       Civil Action
   v.                                        No. 47716
   Harper & Row Publishers, Inc., et al.

8. State of Hawaii                           Civil Action
   v.                                        No. 47717
   Harper & Row Publishers, Inc., et al.

9. City and County of San Francisco, et     Civil Action
   al.                                       No. 47726
   v.
   Harper & Row Publishers, Inc., et al.

10. City of San Diego                        Civil Action
    v.                                       No. 47727
    Harper & Row Publishers, Inc., et al.

| | | |
|---|---|---|
| 11. | State of Oregon<br>v.<br>Harper & Row Publishers, Inc., et al. | Civil Action<br>No. 47838 |
| 12. | The Mayor and City Council of Baltimore<br>v.<br>Harper & Row Publishers, Inc., et al. | Civil Action<br>No. 48199 |
| 13. | City of Richmond, et al.<br>v.<br>Harper & Row Publishers, Inc., et al. | Civil Action<br>No. 48894 |
| 14. | San Diego Unified School District<br>v.<br>Harper & Row Publishers, Inc., et al. | Civil Action<br>No. 49290 |
| 15. | County of San Diego<br>v.<br>Harper & Row Publishers, Inc., et al. | Civil Action<br>No. 49211 |
| 16. | State of New Mexico, et al.<br>v.<br>Harper & Row Publishers, Inc., et al. | Civil Action<br>No. 49357 |
| 17. | Baltimore County, Maryland<br>v.<br>Harper & Row Publishers, Inc., et al. | Civil Action<br>No. 49386 |

## District of Massachusetts

| | | |
|---|---|---|
| 18. | City of Boston<br>v.<br>Harper & Row Publishers, Inc., et al. | Civil Action<br>No. 67–492–C |
| 19. | Commonwealth of Massachusetts, et al.<br>v.<br>Harper & Row Publishers, Inc., et al. | Civil Action<br>No. 67–764–C |

## Southern District of New York

| | | |
|---|---|---|
| 20. | City of New York, et al.<br>v.<br>Harper & Row Publishers, Inc., et al. | Civil Action<br>No. 68–319 |

## Eastern District of Pennsylvania

| | | |
|---|---|---|
| 21. | School District of Philadelphia, et al.<br>v.<br>Harper & Row Publishers, Inc., et al. | Civil Action<br>No. 40537 |