**In re Multidistrict Private Civil Treble Damage Litigation Involving LIBRARY EDITIONS OF CHILDREN'S BOOKS.**

Docket Nos. 2, 4–7.

Judicial Panel on Multidistrict Litigation.

April 3, 1969.

OPINION AND ORDER TRANSFER-
RING MULTIDISTRICT CIVIL
ACTIONS UNDER SECTION 1407,
TITLE 28, UNITED STATES
CODE, TO THE NORTHERN DIS-
TRICT OF ILLINOIS

Before ALFRED P. MURRAH, Chair-
man, and JOHN MINOR WISDOM, ED-
WARD WEINFELD, EDWIN A. ROB-
SON, WILLIAM H. BECKER, JOSEPH
S. LORD, III, and STANLEY A.
WEIGEL, Judges of the Panel.

WEIGEL, Judge of the Panel:

On October 17, 1968, pursuant to 28
U.S.C. § 1407, we transferred nineteen
antitrust cases involving library editions
of children's books to the Northern Dis-
trict of Illinois. In re Library Editions
of Children's Books, 297 F.Supp. 385
(Jud.Pan.Mult.Lit. 1968). Subsequently,
all parties of record in fifteen similar
cases were ordered to show cause why
those cases should not also be trans-
ferred.

The time has now expired for respons-
es to the orders to show cause. No party
requested a hearing, but an objection
was raised in the case of County of Los
Angeles et al. v. Harper & Row Publish-
ers, Inc., et al. (C.D.Cal., No. 68–1858–
S). The County of Los Angeles opposed
transfer because all defendants named in

that action had not been served with process. These defendants were later served, however, causing Los Angeles' objection to become moot.

Even so, the issue there raised is still before the Panel because returns of service do not appear for various defendants named in three of the other fourteen suits: City of New York v. Book Fairs (S.D.N.Y., No. 68 Civ. 4678); New York Public Library v. Harper & Row Publishers, Inc. (S.D.N.Y., No. 68 Civ. 4679); Independent School District #625 of Minn. v. Harper & Row Publishers, Inc., et al. (D.Minn., No. 3–68 Civil 299).

This presents a question of first impression concerning the interpretation of § 1407: Does the Panel have the power to transfer a case under § 1407 if some named defendants (a) have not been served with process and (b) have not been given notice of the proposed transfer?

The question of transferring a case to another district in the absence of service upon a defendant has arisen under 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a). Section 1404(a) governs the transfer of· venue from a district where venue is proper:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the *wrong* division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. [Emphasis added.]

▇ It is firmly established that transfers *may* be effected under either section even though a defendant has not been served with process. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) (§ 1406(a)); United States v. Berkowitz, 328 F.2d 358 (3d Cir. 1964) (§ 1404(a)); Koehring Co. v. Hyde Constr. Co., 324 F.2d 295 (5th Cir. 1963) (§ 1404(a)). These cases demonstrate that lack of personal jurisdiction over a defendant does not necessarily bar a transfer as a matter of constitutional law. *See generally,* Comment, Transfer in the Federal Courts in the Absence of Personal Jurisdiction, 61 Colum.L.Rev. 902 (1961); Comment, Change of Venue in Absence of Personal Jurisdiction Under 28 U.S.C. 1404(a) and 1406(a), 30 U.Chi.L.Rev. 735 (1963). The question before us, therefore, is one of statutory interpretation: Did Congress intend and provide that § 1407 be applicable only to cases in which all defendants have been served?

Nothing in the language and legislative history of § 1407 bears precisely upon this question. The Supreme Court had a like lack of Congressional guidance in Goldlawr, Inc. v. Heiman, *supra,* which held that § 1406(a) authorized transfers even though a defendant had not been served. The Court reached that result by interpreting the statute in accordance with what it found to be

> the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. 369 U.S.· at 466–67, 82 S.Ct. at 916.

The general purpose which motivated Congress in enacting § 1407 was declared in these words:

> The objective of the legislation is to provide centralized management under court supervision of pretrial proceedings of multidistrict litigation to assure the "just and efficient conduct" ¯of such actions. H.R.Rep. No. 1130, 90th Cong., 2d Sess. 3 (1968), U.S. Code Cong. & Admin.News 1968, p. 1899.

In the light of these similarities of Congressional purpose, it becomes appro-

priate to see whether any factors dictate a different result under § 1407(a) than under § 1404(a) and § 1406(a).

Restricting transfers to those cases in which all defendants have been served would frustrate the salutory purposes of § 1407 without meaningfully advancing any other interest. The purposes served by consolidated or coordinated pretrial proceedings include reduction of court congestion, conservation of judicial energy, saving of time and trouble for parties and witnesses, resolution of conflicting discovery demands, acceleration of solutions of major controversies, and fostering sound results on the merits. These benefits of central pretrial management are diminished—absent very special circumstances—to the extent that any cases of a similar nature are not included in the pretrial coordination or consolidation.

A § 1407 transfer will *not* deprive an unserved defendant of any right which is entitled to judicial protection. Congress, possessing nationwide sovereignty and plenary power over the jurisdiction of the federal courts, has given no indication that, in creating § 1407, it intended to expand the territorial limits of effective service. Therefore, proper service must still be made on each defendant pursuant to the rules of the transferor court even after a transfer under § 1407. Additionally, any party served with process after such a transfer may raise any and all motions available to a defendant properly served before transfer.[1]

An unserved defendant, upon being served, will have ample opportunity to object to the transfer. Should a compelling showing for special treatment be made, the Panel has full power to "separate any claim, cross-claim, counterclaim, or third-party claim and remand any of such claims before the remainder of the

action is remanded". 28 U.S.C. § 1407 (a).

■ Therefore, we hold that the power of the Panel and the courts to effectuate a transfer under § 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant.

■ We further hold that a § 1407 transfer is not necessarily prevented by the failure of an unserved defendant to receive notice of the proposed transfer. Subsection (c) of § 1407 does provide in part that

the panel shall give notice to the parties in all actions in which transfers for coordinated or consolidated pretrial proceedings are contemplated * *.

The term "parties" therein, however, should not be construed to include unserved defendants. "Parties" is ordinarily used to designate only those who are named as such in the record and who are properly served with process or enter their appearance. *See* 39 Am.Jur. Parties § 4 (1942) and cases cited therein; 67 C.J.S. Parties § 1c (1950). Nothing in the legislative history indicates that Congress intended the word to have other than its ordinary meaning. In view of the objectives of § 1407, the ordinary meaning is also the most reasonable meaning. The effectiveness of § 1407 would be severely impeded if the Panel's exercise of power were contingent upon its finding and notifying defendants who have not been served by the plaintiffs themselves.

It being clear that the Panel has the power to transfer the cases at hand, a consequential question remains—should this power be exercised in the cases at bar? The answer calls for some consideration of relevant factors.

■■ Before transferring a case, the Panel must make an affirmative determi-

---

1. This includes motions to quash service or dismiss for want of jurisdiction. We do not now pass upon the question of whether such motions should be raised in the transferor or the transferee court.

nation that the transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct" of that action. 28 U.S.C. § 1407 (a). When defendants named in a particular case have not been served or notified and have therefore not had the opportunity to object to a proposed transfer, the Panel may not be able to conclude that the § 1407 standard is satisfied, even though the case may appear to meet the statutory criteria for transfer. Factors which may be significant in determining the propriety of transferring such cases include: (1) the strength of the showing that transfer is desirable, (2) the presence or absence of plaintiff's good faith in naming the unserved defendants, (3) the extent of plaintiff's effort to serve each defendant with process, (4) the degree to which the unserved defendant's interests appear to be the same as those of the defendants coming before the Panel, (5) the number of unserved defendants, and (6) the importance of their presence before the Panel in aiding its decision.

■ We find that all considerations point to the desirability of transferring the three cases with unserved defendants here before the Panel. There is substantial evidence that these cases are "library edition" cases of the type previously transferred to the Northern District of Illinois after a Panel hearing. It can be reasonably assumed that any generic objections to pretrial coordination and consolidation of this litigation have been amply considered. *See* In re Library Editions of Children's Books,

297 F.Supp. 385 (Jud.Pan.Mult.Lit. 1968).

In each of these three cases, a significant number of defendants have been served and notified of the proposed transfer.[2] None of those defendants has opposed transfer to the Northern District of Illinois. There is no indication that any unserved defendants have not been named in good faith nor that efforts have not been made to serve them.

Therefore, the Panel having duly ordered and notified all parties of record as of December 24, 1968, to show cause why each case should not be transferred for coordinated and consolidated pretrial proceeding to the Northern District of Illinois; no objection to said transfer having been received from any such party; and good cause appearing,

It is ordered that all actions listed on Schedules B and C appended hereto be and hereby are transferred to the Northern District of Illinois for coordinated or consolidated pretrial proceedings and, with the consent of that court heretofore filed with the Clerk of the Panel, assigned to the Honorable Bernard M. Decker.

Furthermore, it is hereby ordered that upon completing service of process upon any defendant not heretofore served, each plaintiff shall promptly notify the Clerk of the Panel of that fact and of the place at which such defendant or its agent may be found,

Furthermore, it is hereby ordered that any defendant not having heretofore been notified by the Panel of the proposed transfer shall, after receipt of no-

2. In the *New York Public Library* case, the complaint was filed on November 26, 1968, against 26 defendants; 20 defendants have answered the complaint and 3 others have obtained extensions to answer; none of 24 defendants notified by the Panel has opposed § 1407 transfer to the Northern District of Illinois. In the *City of New York* case, the complaint was filed on November 26, 1968, against 5 defendants; 3 defendants have answered the complaint and 2 others have filed stipulations extending time to answer; none of 3 defendants notified by the Panel opposes § 1407 transfer. In the *Independent School District # 625* case, the complaint was filed on November 26, 1968, against 41 defendants; there are returns of service as to 18 defendants; 13 other defendants have answered the complaint and 1 other defendant has obtained an extension of time; none of 33 defendants notified by the Panel has opposed § 1407 transfer.

tice of the transfer, have twenty days within which to file with the Clerk of the Panel such motion as such defendant may deem appropriate.

## SCHEDULE B

### NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 1. | State of New Jersey v. Harper & Row Publishers, Inc., et al. | Civil Action No. 50361 |
| 2. | City and County of Denver v. Harper & Row Publishers, Inc., et al. | Civil Action No. 50362 |
| 3. | Board of School Trustees of the School City of Gary, Indiana v. Harper & Row Publishers, Inc., et al. | Civil Action No. 50360 |
| 4. | Anne Arundel County, Maryland v. Harper & Row Publishers, Inc., et al. | Civil Action No. 50372 |
| 5. | State of Maryland v. Harper & Row Publishers, Inc., et al. | Civil Action No. 50369 |
| 6. | County Commissioners for Cecil County, Maryland v. Harper & Row Publishers, Inc., et al. | Civil Action No. 50370 |
| 7. | Board of Education of Montgomery County, Maryland v. Harper & Row Publishers, Inc., et al. | Civil Action No. 50373 |
| 8. | Montgomery County, Maryland v. Harper & Row Publishers, Inc., et al. | Civil Action No. 50371 |
| 9. | Fort Vancouver Regional Library, et al. v. Harper & Row Publishers, Inc., et al. | Civil Action No. 50385 |

## SCHEDULE C

### SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| 1. | City of New York, et al. v. Book Fairs, Inc., et al. | Civil Action No. 68 Civ. 4678 |
| 2. | State of New York v. American News Co., et al. | Civil Action No. 68 Civ. 4686 |
| 3. | New York Public Library, et al. v. Harper & Row Publishers, Inc., et al. | Civil Action No. 68 Civ. 4679 |

### DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| 4. | Independent School District # 625 of Minnesota, etc. v. Harper & Row Publishers, Inc., et al. | Civil Action No. 3–68 Civil 299 |
| 5. | State of Minnesota v. Bro-Dart Books, Inc., et al. | Civil Action No. 3–68 Civil 298 |

### CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 6. | County of Los Angeles, et al. v. Harper & Row Publishers, Inc., et al. | Civil Action No. 68–1858-S |